UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON GRIFFITH,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>CLARKSTOWN POLICE DEPT.; P.O. PAPENMEYER, Badge #508; AMKC RIKERS ISLAND; DEPUTY WARDEN FOO; HARTS ISLAND; DR. JANE DOE; JOHN DOE, SGT.,<br><br>　　　　　　　　　　　Defendants. | **ORDER**<br><br>20-CV-6505 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who appears *pro se*, asserts the following two sets of claims: (1) those arising from his arrest and search by members of the Clarkstown Police Department in West Nyack, Rockland County, New York; and (2) those arising from his subsequent confinement in the Anna M. Kross Center ("AMKC") on Rikers Island. He sues: (1) the Clarkstown Police Department ("CPD"); (2) CPD Police Officer Papenmeyer; (3) unidentified CPD Police Sergeant "John Doe;" (4) "AMKC Rikers Island;" (5) "Harts Island;" (6) AMKC Deputy Warden Foo; and (7) unidentified AMKC physician "Dr. Jane Doe."[1] He asserts claims under 42 U.S.C. § 1983 and seeks damages. (Doc. 2). By Order dated December 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Doc. 7).

For the following reasons, the Court severs from this action Plaintiff's claims against the AMKC defendants and Harts Island. The Court directs the Clerk of Court to open a new civil action for these severed claims.

---

[1] The Court refers to the CPD, Papenmeyer, and Sgt. John Doe as the "CPD defendants," and to AMKC Rikers Island, Foo, and Dr. Jane Doe as the "AMKC defendants."

## DISCUSSION

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, 'the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" *Clay v. Doe*, No. 20-CV-7692, 2020 WL 6151436, at *1 (S.D.N.Y. Oct. 20, 2020) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), and quoting *Deskovic*, 673 F. Supp. 2d at 167).

Rule 21 of the Federal Rules of Civil Procedure provides that "on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "In determining whether to sever a claim, the Court considers 'the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence.'" *Clay*, 2020 WL 6151436, at *2 (quoting *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008). "Put another way, courts look

2

to the logical relationship between the claims and determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (quoting *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. Aug. 9, 2013) (internal quotation marks omitted)).

Joinder of Plaintiff's claims against the AMKC defendants and Harts Island, which arise from events that allegedly occurred in the AMKC on Rikers Island, with Plaintiff's claims against the CPD defendants, which arise from events that allegedly occurred in Rockland County, New York, does not comport with Rule 20(a). *See id.* at *2-3 (severing prisoner's claims that occurred at a correctional facility within this judicial district from the prisoner's claims that occurred at a correctional facility outside this judicial district and transferring the later to another district court); *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3-4 (W.D.N.Y. Sep. 22, 2006) (recommending disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that the original defendants were involved in the actions taken against the plaintiff in a different facility more than one year later), *adopted by* 2007 WL 496371 (W.D.N.Y. Feb. 12, 2007); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and numerous unrelated claims.).

For those reasons, the Court concludes that it is appropriate to sever from this action Plaintiff's claims against the AMKC defendants and Harts Island.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff and note service on the docket.

The Court severs from this action Plaintiff's claims against AMKC Rikers Island, Harts Island, AMKC Deputy Warden Foo, and unidentified AMKC physician Dr. Jane Doe.

The Court further directs the Clerk of Court to: (1) open a new unassigned civil action for these severed claims; and (2) docket copies of the complaint (Doc. 2), Plaintiff's amended IFP application (Doc. 6), the Order granting Plaintiff leave to proceed IFP (Doc. 7), and this Order in the new civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 14, 2021
       White Plains, New York

                                     PHILIP M. HALPERN
                                     United States District Judge