UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON GRIFFITH,

                Plaintiff,

        -against-

AMKC RIKERS ISLAND; DEPUTY
WARDEN FOO, HARTS ISLAND; DR.
JANE DOE,

                Defendants.

1:21-CV-0386 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently held in the Anna M. Kross Center ("AMKC") on Rikers Island, brings this action *pro se*. He asserts that the defendants violated his federal constitutional rights.[1] This action was originally assigned to District Judge Philip M. Halpern under docket number 7:20-CV-6505 (PMH). By order dated January 14, 2021, Judge Halpern severed Plaintiff's claims against "AMKC Rikers Island," "Harts Island," AMKC Deputy Warden Foo, and "Dr. Jane Doe" from that action, and directed the Clerk of Court to open a new unassigned civil action for those claims. (ECF 7:20-CV-6505, 11.)[2] As a result of that order, the Clerk of Court opened this civil action. The undersigned was later assigned to this action.

---

[1] Plaintiff filed his complaint while he was incarcerated in the Auburn Correctional Facility. By order dated December 21, 2020, after Plaintiff had been released from Auburn into parole supervision, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Officials have since taken Plaintiff back into custody.

[2] Judge Halpern also directed the Clerk of Court to docket Plaintiff's complaint, his amended IFP application, the court's December 21, 2020 order granting Plaintiff IFP status, and Judge Halpern's January 14, 2021 order in the new civil action. (ECF 7:20-CV-6505, 11.)

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. For the reasons sent forth below, the Court dismisses Plaintiff's claims against AMKC Rikers Island and Harts Island, and grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.[3] *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[3] For the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). Because Plaintiff filed his complaint while he was incarcerated in Auburn, he is a considered a prisoner under the PLRA. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the [PLRA's] restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted).

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following with respect to his claims against the defendants in this action: On May 9, 2018, members of the Clarkstown Police Department arrested Plaintiff. Later that month, they transferred him into the custody of the New York City Department of Correction (DOC). While held in DOC custody in the AMKC, Plaintiff suffered a mental breakdown and attempted suicide twice. His mental breakdown required him to be hospitalized. AMKC Deputy Warden Foo and Dr. Jane Doe, an unidentified physician employed at the AMKC, were "responsible for failing to provide [Plaintiff with] adequate medical attention when [he] suffered a mental breakdown." (ECF 2, at 6.)

## DISCUSSION

Because Plaintiff asserts that the defendants violated his federal constitutional rights, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. To state a

claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.      **AMKC Rikers Island and Harts Island**

The AMKC, a New York City jail, is not person for the purpose of § 1983. *See, e.g.*, *Paloma v. New York City Dep't of Corr.*, No. 21-CV-0638, 2020 WL 1330762, at *1 (S.D.N.Y. Mar. 23, 2020) (noting that a jail is not a person for the purpose of § 1983). And Harts Island, or rather, Hart Island,[4] is also not a person for the purpose of § 1983. *See, e.g.*, *Griffin v. New York City: Dep't of Corrs. Rikers Island*, No. 91-CV-1694, 1993 WL 322872, at *2 (S.D.N.Y. Aug. 17, 1993) ("'Rikers Island' is not a 'person' subject to suit under § 1983."). The Court therefore dismisses Plaintiff's claims under § 1983 against AMKC Rikers Island and Harts Island for failure to state a claim on which relief may be granted.

In light of Plaintiff's *pro se* status, and because Plaintiff sues locations that are managed by the DOC, an agency of the City of New York, the Court construes the complaint as asserting claims under § 1983 against the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

When a plaintiff sues a municipality, such as the City of New York, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged

---

[4] Hart Island, which lies in Long Island Sound, is where the City of New York's public cemetery is located; the DOC manages burial operations on Hart Island. *See* https://www1.nyc.gov/site/doc/about/hart-island.page.

in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under § 1983 against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's federal constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges no facts suggesting that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which he names the City of New York as a defendant and alleges facts sufficient to state a claim under § 1983 against the City of New York.

**B.      Inadequate medical or mental-health care**

Plaintiff alleges that he is both a pretrial detainee and a convicted prisoner. (ECF 2, at 5.) His allegations suggest that: (1) he was a parolee when he was arrested by members of the Clarkstown Police Department, (2) as a result of that arrest, he was charged with violations of the terms of a previously issued parole sentence that had been imposed in a judgment of conviction issued by a state court located within the City of New York, and thus, (3) after his arrest, the Clarkstown Police Department eventually transferred him into the custody of the DOC pending parole-revocation proceedings associated with that conviction.

A pretrial detainee's claim that he has been subjected to inadequate conditions of confinement falls under the Due Process Clause of the Fourteenth Amendment, while a convicted prisoner's claim arising from conditions of confinement arises under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Courts within this Circuit have held that such a claim made by a parolee is also "appropriately analyzed under the [Due Process Clause of the] Fourteenth Amendment," *Ciccone v. Ryan*, No. 14-CV-1325, 2015 WL 4739981, at *3 (S.D.N.Y. Aug. 7, 2015) (citing cases), *appeal dismissed*, No. 15-2840 (2d Cir. Oct. 16, 2015) (dismissal effective Nov. 5, 2015); *see, e.g.*, *Gibson v. Employees, Supervisors Adm. of Doctors Nurses E Elmhurst Hosp. Med. Students*, No. 1:19-CV-0204, 2020 WL 5645983, at *5 (S.D.N.Y. Sept. 21, 2020), *appeal dismissed*, No. 20-3801 (2d Cir. Feb. 9, 2021) (dismissal effective Mar. 2, 2021); this includes claims made by a detained parolee, *see Ruggiero v. Cnty of Orange*, No. 19-CV-3632, 2020 WL 5096032, at *8-9 (S.D.N.Y. Aug. 28, 2020); *Leath v. Cnty. of Orange*, No. 18-CV-7318, 2020 WL 4016530, at *3 n.2 (S.D.N.Y. July 15, 202); *Smith v. Fricke*, No. 9:17-CV-0244, 2019 WL 4602973, at *12 (N.D.N.Y. Aug. 7, 2019), *report & recommendation adopted in part and remanded on other grounds sub nom.*, *Smith v. Russo*, No. 9:17-CV-0244, 2019 WL 4602140 (N.D.N.Y. Sept. 23, 2019).

Thus, as to claims of violations of substantive due process brought by a parolee, courts within this Circuit have applied the requirements that a pretrial detainee must fulfill to state such a claim – those articulated by the Second Circuit in *Darnell*. *See Gibson*, 2020 WL 5645983, at *5-6; *Ruggiero*, 2020 WL 5096032, at *8-9; *Leath*, 2020 WL 4016530, at *3 n.2 (S.D.N.Y. July 15, 2020); *Smith*, 2019 WL 4602973, at *12 ("[A]lthough the Second Circuit has not directly

6

addressed how *Darnell* affects a parolee's claim, district courts in this circuit have applied the Fourteenth Amendment standard to claims brought by parolees after *Darnell*.").

Under *Darnell*, to state a claim of a violation of substantive due process, a parolee must allege sufficient facts to satisfy two prongs – an objective prong and a mental-element prong. *Darnell*, 849 F.3d at 29. Under the objective prong, a parolee must allege "that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to [substantive] due process . . . ." *Id.* "[T]o establish an objective deprivation, 'the [parolee] must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citations omitted). And under the mental-element prong, the parolee must allege "that the [government official] acted with at least deliberate indifference to the challenged conditions." *Id.* at 29. Under the *Darnell* standard, a government official is deliberately indifferent when he or she "act[s] intentionally to impose the alleged condition, or recklessly fail[s] to act with reasonable care to mitigate the risk that the condition pose[s] to the [parolee] even though the defendant-official kn[ows], or should have known, that the condition pose[s] an excessive risk to health or safety."[5] *Id.* at 35. "Defendants may only be liable for deliberate indifference if their conduct would 'shock the contemporary conscience.'" *Reid v. Dumberger*,

---

[5] *But see Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020) (summary order) (noting that the appellant was a parolee, and that the Second Circuit has "not addressed where parolees fall on the continuum" between claims of deliberate indifference under the Eighth Amendment and such claims under the Due Process Clause of the Fourteenth Amendment). Unlike pretrial detainees, convicted prisoners must show deliberate indifference by alleging that an official "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have] be[en] aware of facts from which the inference could [have] be[en] drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted).

No. 17-CV-1124, 2018 WL 840092, at *9 (S.D.N.Y. Feb. 12, 2018) (quoting *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008)). And "any § 1983 claim for a violation of due process requires proof of a [defendant's state of mind] greater than mere negligence." *Darnell*, 849 F.3d at 36.

This standard applies to a pretrial detainee's (and thus, a parolee's) claims that officials denied him adequate medical care. *See Darnell*, 849 F.3d at 33 n.9 (holding that the *Darnell* standard applies to all claims under § 1983 arising from a pretrial detainee's conditions of confinement, including claims of inadequate medical care); *see also Charles v. Orange Cnty.*, 925 F.3d 73, 85-87 (2d Cir. 2019) (adopting the *Darnell* standard for claims of inadequate mental-health treatment under § 1983 brought by an immigration detainee held in an municipal jail). In this context, a prisoner must allege that he has a medical need that is sufficiently serious; this "serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. And "[d]epending on their severity, psychiatric or psychological conditions can present serious medical needs . . . ." *Id.*

For the second element – the "subjective" or "mental" element – a pretrial detainee or parolee "can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to [his] health." *Charles*, 925 F.3d at 87 (emphasis in original).

Plaintiff alleges no facts showing how any official was deliberately indifferent to his serious medical or mental-health needs in May 2018, while he was held in the AMKC following the transfer of his custody from the Clarkstown Police Department to the DOC. The Court grants

8

Plaintiff leave to file an amended complaint in which he allege facts sufficient to state such a claim.

C.  **Personal involvement of the individual defendants**

To state a claim under § 1983, a plaintiff must allege facts showing the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges that Deputy Warden Foo and Dr. Jane Doe were "responsible for failing to provide [him with] adequate medical attention when [he] suffered a mental breakdown." (ECF 2, at 6.) He also alleges that they acted "with malice and deliberate indifference [by] fail[ing] to pr[o]vide adequate medical attention." (*Id.* at 5.) But he allege no facts showing how either of those officials were directly involved in the violations of his constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which he names as defendants those individuals who were personally and directly involved in those violations and alleges facts showing their involvement.

**LEAVE TO AMEND**

The Court grants Plaintiff leave to file an amended complaint to provide more facts about his claims. Plaintiff must name as the defendants in the caption[6] and in the "Statement of Claim" those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, in the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and;

d) the relief he seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how, when and where such violations occurred, as well as why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Plaintiff must not reassert claims in his amended complaint that the Court has dismissed in this order.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims against AMKC Rikers Island and Harts Island. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:21-CV-0386 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's remaining claims

under federal law for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   March 4, 2021
         New York, New York

                                                    Louis L. Stanton
                                                       U.S.D.J.